[Cite as *Thompson v. Ohio Dept. of Transp.*, 2011-Ohio-4792.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NICOLE THOMPSON

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02557-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    Plaintiff, Nicole Thompson, filed this action against defendant, Department of Transportation (ODOT), contending that she suffered property damage as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 southbound. Specifically, plaintiff related that her car sustained tire and rim damage when the vehicle "hit a large pothole on Interstate 71, southbound, 1.2 miles north off the Smith/Edwards exit. The pothole was located on the dashed line between the right most lane and the lane to its left. My tire blew out upon impact causing me to lose control and veer onto the right shoulder." Plaintiff recalled that her described damage incident occurred on February 4, 2011 at approximately 8:00 a.m. In her complaint, plaintiff requested damage recovery of $349.77, the total cost of automotive repair and related expenses. The filing fee was paid.

{¶2}    Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing condition prior to plaintiff's February 4, 2011 described occurrence. Defendant located the particular pothole at milepost 7.95 on I-71 in Hamilton County and advised that "ODOT had no

complaints of potholes on I-71 near milepost 7.95 before plaintiff's incident."

Defendant denied receiving any other complaints regarding roadway defects at the particular location despite the fact that this section of Interstate 71 has an average daily traffic count of over 120,000 vehicles.

{¶3} Defendant denied ODOT negligently maintained Interstate 71 in Hamilton County. Defendant noted that the ODOT "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no defects were discovered at the location of plaintiff's incident on I-71 the last time that section of roadway was inspected prior to February 4, 2011. The claim file is devoid of any copy of ODOT Hamilton County inspection records.

{¶4} Defendant submitted "Maintenance Records" for Interstate 71 covering the dates from August 4, 2010 to February 4, 2011. According to the information supplied, pothole patching operations were conducted in the vicinity of plaintiff's incident on February 4, 2011.[1]

{¶5} Plaintiff did not file a response. Plaintiff did not produce any evidence to establish the length of time the particular defective condition on I-71 existed prior to 8:00 a.m. on February 4, 2011.

{¶6} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio*

---

[1] Based on the statements made in the complaint, the trier of facts finds that, in all likelihood, this pothole patching operation occurred as the result of plaintiff having notified defendant of the pothole on February 4, 2011, at 8:00 a.m.

{¶7} *State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶8} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶9} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  There is no evidence that defendant had actual notice of the defect.  Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the defect must be presented.

{¶10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge."  *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429.  "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."  *Bussard*, at 4.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v.*

*Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶11} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defect appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular condition was present. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of a dangerous condition. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the pothole.



# Court of Claims of Ohio

NICOLE THOMPSON

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02557-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Nicole Thompson
3732 Drake Avenue
Cincinnati, Ohio 45209

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
6/2
Filed 6/15/11
Sent to S.C. reporter 9/21/11